UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HENRY THOMPSON and DARLENE OLIVER

                            Plaintiffs

     -against-

THE CITY OF NEW YORK, AND THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER DAZI, SHIELD
# 932543 OF PSA 8 AND POLICE OFFICER DOVE, SHIELD
#9018 TAX REGISTRATION # 943185 AS POLICE OFFICERS
AND INDIVIDUALLY

                            Defendants.
------------------------------------------------------------------X

Plaintiff Demands
Trial by Jury

**VERIFIED COMPLAINT**

      Plaintiffs HENRY THOMPSON and DARLENE OLIVER (hereinafter referred to as Plaintiffs), by their attorney Emdin & Russell, LLP., alleges by way of their complaint the following:

## NATURE OF CLAIMS

1. Plaintiffs seek redress pursuant to 42 U.S.C. Section 1983 and 1988, et seq., for violation of rights secured by the First, Fourth, Sixth, and by the Equal Protection and Due Process Clause of the Fourteenth Amendment to the United States Constitution.

2. Plaintiffs also seek redress under Article I, Section 11 of the New York State Constitution for denial of equal protection, and redress for tortuous conduct against Plaintiffs by defendants through Negligent Hiring, Training and Supervision, False

detention, False issue of summons, Malicious Prosecution, Abuse of Process, Conspiracy, Fabrication of Evidence and Prima Facie Tort.

3. The Plaintiffs seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

4. Due to outrageous and intentional acts of police misconduct, the Plaintiffs, were issued summons fictitious crimes. The Plaintiffs were unlawfully detained for purely fictitious crimes for which defendant police officers negligently acted upon, while knowing all along that no crimes had been committed. Moreover, all said Defendants present conspired to, and in part did, knowingly offer false testimony either verbally, written or acquiesced against the Plaintiffs in order to effectuate an arrest as well as drafting a summons falsely charging the Plaintiffs with Disorderly Conduct. As a result of the Defendants' conduct, Plaintiffs were to appear in court only to have their cases dismissed.

## JURISDICTION

5. This court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201, and 2202, to hear and decide these claims for relief. This Court has pendent and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York, pursuant to 28 U.S.C. 1367 (A).

6. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. 1391 (a), (b) and (c). All material events described in this Complaint occurred in the City of New York, Bronx County.

## JURY TRIAL DEMANDED

7. Plaintiffs demand a trial by jury on each of the claims pleaded herein.

## PARTIES

8. Plaintiff Darlene Oliver is a United States citizen and resident of the County of Bronx, State of New York.

9. Plaintiff Henry Thompson is a United States citizen and resident of the County of Bronx, State of New York.

## PRELIMINARY FACTS

10. Plaintiff has complied with all conditions precedent to commencing this action.

## STATEMENT OF FACTS

11. Upon information and belief that at all times hereinafter mentioned, the Defendant, the City of New York, hereinafter referred to as "City", was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Upon information and belief that at all times hereinafter mentioned, the Defendant "City" its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York hereinafter referred to as "NYPD" including all the police officers thereof.

13. Upon information and belief, that at all times hereinafter mentioned, specifically on the 15th day of September 2010, at approximately 9:30 pm, Police Officers Francis Dazi shield number 932543 and Police Officer Dove, shield number 9018 and Tax ID # 943185 hereinafter referred to as "Dazi", and "Dove" collectively referred to as Athe Officers@, were employed by the defendant, "City", and/or "NYPD" as police officers assigned to the 8th Precinct and/or PSA 8 at all times acted in that capacity.

14. That said "Officers" at all relevant times hereunder, were hired by the "City", were trained by the "City", were retained by the "City", and were supervised by the "City".

15. That the Plaintiffs Henry Thompson and Darlene Oliver filed and served a Notice of Claim on December 14, 2010.

16. The City acknowledged receipt of the notice of claim; however a 50(h) hearing of each Plaintiffs have not been conducted.

17. That more than 30 days have elapsed since the notice of claim and intention to sue has been served upon the Defendant City of New York and the said defendant has neglected or refused to make any adjustment or payment thereof.

18. That this action is commenced within one year and 90 days after the cause of action arose.

19. Upon information and belief at all times hereinafter mentioned, and specifically on the 15th day of September 2010 the "Officers" individually and collectively, at

approximately 9:30 pm in the vicinity of 1420 Bronx River Avenue, Bronx County, in the State of New York, were acting within the scope of their employment and under the direction of the "City", and "NYPD" as their agents, servants and/or employee(s).

20. That defendants "Dazi", and "Dove", on September 15, 2010 and at all relevant times hereunder, acted as police officers, and were required to follow the rules and regulations as contained in the New York City Patrol Guidelines.

21. That on September 15, 2010 the Plaintiff Henry Thompson resided at 1050 Wheeler Avenue, Apartment 3W, in Bronx County, New York 10472.

22. That on September 15, 2010 the Plaintiff Darlene Oliver resided at 1420 Bronx River Avenue, Apartment 2H, in Bronx County, New York 10472.

23. That upon information and belief on September 15, 2010, at approximately 9:30 pm "Dazi" and "Dove" was present at the location of 1420 Bronx River Avenue, Bronx County, State of New York.

24. On September 15, 2010 at approximately 9:30 pm, Plaintiffs were lawfully in front of the residence of Plaintiff Darlene Oliver, located at 1420 Bronx River Avenue, Bronx County, State of New York.

25. Plaintiffs observed the Defendants pull up behind Henry Thompson's vehicle with sirens and lights flashing.

26. Plaintiffs further observed said Defendants approach Henry Thompson's vehicle and request Mr. Thompson's license and registration to issue him a ticket.

27. Plaintiff Darlene Oliver then inquired as to why Plaintiff Henry Thompson was receiving said ticket.

28. "Dazi" rudely told Plaintiff Darlene Oliver to "Shut the fuck up" and "that she did not know the law."

29. Plaintiff Henry Thompson observed Defendants order that Plaintiff Darlene Oliver to present her identification for which she complied.

30. "Dazi" stated that Plaintiff Darlene Oliver should have minded her own business and that she was going to be issued a ticket for Disorderly Conduct because she was an "asshole."

31. "Dove" then performed a background check within his vehicle on Plaintiff Henry Thompson to then return and claim that Plaintiff had an outstanding warrant for child support.

32. Plaintiff Henry Thompson stated that the warrant was impossible due to his daughter being 25 years of age and Plaintiff has sole custody of his son.

33. Plaintiff Henry Thompson was issued a summons and witnessed defendants issue Plaintiff Darlene Oliver an erroneous summons for Disorderly Conduct.

34. Plaintiff Darlene Oliver stated that "Dazi" was out of line and rude.

35. Plaintiffs stated that they would file a claim against the defendants.

36. Defendants responded "We don't give a fuck what you Niggers do but make sure you spell our names right, and while you're at it, you better get a lawyer."

37. Plaintiffs appeared in court as indicated on summons and upon their appearance, the

case was dismissed.

38. Plaintiff was falsely detained and issued summons by all of the aforementioned named Defendant Police Officers on or about September 15, 2010 approximately 9:30 pm in the vicinity of 1420 Bronx River Avenue, Bronx County, in the State of New York, The detention by said Defendants were made without cause or justification. Defendants did negligently, intentionally, willfully and maliciously, wrongfully, unlawfully, and unjustifiably detain, and falsely issue the Plaintiffs summons.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. 1983

39. Plaintiffs repeats and realleges every assertion contained in paragraphs "1" through "38" of this Complaint as if recited at length herein.

40. By the aforesaid acts, defendants have violated Plaintiffs Right to Equal protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 42 U.S.C. 1983.

41 The conduct and actions of the named Defendant Police Officers, and Defendant City of New York, acting under color of law, in falsely arresting, detaining, incarcerating, assaulting, maliciously prosecuting, providing false evidence and conspiring against Plaintiffs, was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious

bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. 1982, et seq., deprived the Plaintiffs of their rights including, but not limited to, their rights under the First and Fourth Amendments guaranteeing protection against unlawful seizure of her person, the Fifth, Sixth and Fourteenth Amendments guaranteeing due process, right to fair trial and equal protection under the law, and Title 42 U.S.C. 1983 et seq.

42  By reason of the Constitutional violations by the Defendants, Plaintiffs have been damaged as set forth above.

## SECOND CLAIM FOR RELIEF
## New York Constitution Art. I, 11

43  Plaintiffs repeats and realleges every assertion contained in paragraphs "1" through "42" of this Complaint as if recited at length herein.

44  By the aforesaid acts, Defendants have violated Plaintiffs' Right to Equal protection laws under Article I, 11 of the New York State Constitution, thereby giving rise to cause of action pursuant to that Article.

45  The conduct and actions of the named Defendant Police Officers, and Defendant the City of New York, acting under color of law, in falsely detaining, issuing of summons, maliciously prosecuting and conspiring against Plaintiffs, was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and mental and emotional harm, pain and

suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under law and Constitution of the State of New York. The above-described actions and omissions engaged in under color of state law by the named Police Officer Defendants, including Defendant City of New York, sued as a person within the meaning of Article I, 11, deprived the Plaintiffs' of rights, including but not limited to, their rights under Article I, 8,9 guaranteeing freedom of expression and association. Article I, 12 guaranteeing protection against unlawful seizure of one's person, Article I, 11 guaranteeing due process and equal protection under the law, and Article I, 15 guaranteeing protection from cruel and unusual punishment.

46  By reason of the Constitutional violations by Defendants, Plaintiffs have been damaged as set forth above.

## THIRD CLAIM FOR RELIEF
### Negligent Hiring, Training and Supervision

47  Plaintiffs repeats and realleges every assertion contained in paragraphs "1" through "46" of this Complaint as if recited at length herein.

48  The above-described injuries suffered by the Plaintiffs were the proximate result of the negligence of the Defendant New York City Police Department, in that the defendant City of New York, and New York City Police Department failed to exercise reasonable care in hiring, employment, supervision, and training of its employees.

49. The Defendant City of New York, and New York City Police Department had, or should have had, knowledge of the vicious and violent tendencies of its employees, including the named Police Officers, Defendants.

50. Defendant City of New York, and New York City Police Department knew or should have known of the unlawful actions of the named police officers defendants, through actual and constructive notice, of their unlawful activities, including but not limited to those allegations as set forth in the preceding paragraphs above. Defendants City of New York, and New York City Police Department failed to exercise reasonable care by retaining and not terminating the employment of the named Police Officer Defendant or taking other appropriate corrective action. The occurrences complained of herein were due to the negligence and recklessness of the Defendant City of New York, and the New York City Police Department.

51. By the reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.

## FORTH CLAIM FOR RELIEF
### Prima Facie Tort

52. Plaintiffs repeats and realleges every assertion contained in paragraphs "1" through "51" of this Complaint as if recited at length herein.

53. In falsely detaining, and falsely issuing summons and conspiring against Plaintiffs, Defendants, Police Officers acted with malicious intent, recklessness, and negligence, to injure and harm Plaintiffs.

54  By reason of the Defendants tortuous conduct, Plaintiffs have been damaged as set forth above.

55  For all claims arising under New York State Law, Defendant, New York City, Police Officer Dazi, and Dove and the New York City Police Department are jointly and severally liable to the Plaintiff inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 7 and 11 of the Civil Practice Law and Rules.

## FIFTH CLAIM FOR RELIEF
### Conspiracy

56  Plaintiffs repeats and realleges every assertion contained in paragraphs "1" through "55" of this Complaint as if recited at length herein.

57  The named Police Officers, Defendants, did knowingly and intentionally, agree and or otherwise conspire to provide false testimony and/or evidence against the Plaintiffs to cover up their wrongdoing of falsely detaining, falsely issuing of a summons and maliciously prosecuting the Plaintiffs. Plaintiff Oliver merely asserted her freedom of expression and was falsely issued a summons. Plaintiff Thompson was not involved in any criminal conduct and was issued a summons and searched for outstanding warrants. Plaintiff Henry had no warrants. Nonetheless, Plaintiffs were issued summons solely because they questioned the Defendants.

58  By the aforesaid acts, Defendants have unlawfully and unjustifiably detained Plaintiffs without any lawful cause whatsoever. Defendants acted willfully, unlawfully, maliciously, recklessly, and negligently in detaining Plaintiffs and issuing summons despite Plaintiff's innocence, and utilized the criminal justice system through conspiracy and providing false evidence to prosecute Plaintiffs in order to "cover up" their own wrongful conduct.

59  The Defendant's tortuous conduct caused the Plaintiffs suffer a humiliation and emotional distress and thus they have been damaged as set forth above.

60  The Defendants tortuous conduct, as set forth above herein, directly resulted in the Plaintiffs being wrongfully issued summons.

61  By reason of the Defendants tortuous conduct, Plaintiffs have been damaged as set forth above.

### SIXTH CLAIM FOR RELIEF
### Malicious Prosecution

62  Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "61" of this Complaint as if recited at length herein.

63.  The Defendants intentionally and knowingly provided false evidence and/or information to the prosecutorial agencies involved herein in an effort to conceal their wrongful actions.

64. Based on the Defendants deliberate actions as set forth above, the Plaintiffs were falsely and maliciously prosecuted by the New York County District Attorney's Office.

65. The Plaintiffs were compelled to defend themselves against the false charges that were filed against them.

66. The Plaintiffs were charged with various misdemeanors for which the Defendants failed to do due diligence in ascertaining whether said allegations were plausible and/or true.

67. Despite the defendants tortuous actions the Plaintiffs' case was dismissed.

68. By reason of the tortuous conduct of Defendants, the Plaintiffs have been damaged as set forth above.

WHEREFORE, Plaintiffs, respectfully request judgment upon all causes of action against defendants as follows:

1. With respect to defendant The City of New York.

a. Declaratory judgment declaring that the defendant City of New York have violated the aforesaid statutes and constitutions;

b. Restitution to Plaintiffs of their rights, privileges, benefits and income which would have been received by them but for Defendants unlawful, wrongful, tortuous, and unconstitutional conduct;

c. Compensatory damages in an amount to be determined by the court and jury;

d. Punitive damages in an amount to be determined by the court and jury;

e. Reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. Section 1988;

f. All legal and statutory interest on sums awarded;

g. Such other and further relief as this honorable court may deem just, proper and equitable.

2. With respect to each named Police Officer Defendant:

a. Declaratory judgment declaring that the defendant have violated the aforesaid statutes and constitutions;

b. Restitution to Plaintiffs of their rights, privileges, benefits and income which would have been received by them but for Defendant's unlawful, wrongful, tortuous, and unconstitutional conduct;

c. Compensatory damages in an amount to be determined by the court and jury;

d. Punitive damages in an amount to be determined by the court and jury;

e. Reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. Section 1988;

f. All legal and statutory interest on sums awarded.

**WHEREFORE, THE PLAINTIFFS SEEK JUDGMENT** on the first through the seventh causes of action for compensatory damages, punitive damages, legal fees and costs, disbursements, and such other and further relief as to the court seems just and proper.

DATED:    New York, New York
          May 14, 2013

*[signature]*
Royce Russell, Esq.,
Emdin & Russell, LLP.
Attorneys for plaintiffs
499 Seventh Avenue, 12N
New York, New York 10018
(212) 683-3995

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York certifies as follows:

That I am an attorney associated with the law firm of Royce Russell, Esq., the attorneys of record for the Plaintiffs in the within action; that I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

The undersigned further states that the reason this Verified Complaint is made by me and not by the Plaintiffs is that the Plaintiffs do not reside within the county in which my office is located.

The grounds of my belief as to all matters stated upon my knowledge are my interviews with the Plaintiffs and a reading of the documents in my case file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York.
May 14, 2013

By: Royce Russell, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY THOMPSON and DARLENE OLIVER

                Plaintiff,

-against-

THE CITY OF NEW YORK, AND THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER DAZI, SHIELD
# 932543 OF PSA 8 AND POLICE OFFICER DOVE, SHIELD
#9018 TAX REGISTRATION # 943185 AS POLICE OFFICERS
AND INDIVIDUALLY

                Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

LAW OFFICES OF EMDIN & RUSSELL
Attorney for Plaintiffs
499 Seventh Avenue, Floor 12N
New York, NY 10018
(212) 683-3995

Pursuant to 22 NYCRR 130-1.0, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: May 14, 2013

                Signature

                Royce Russell, Esq.

PLEASE TAKE NOTICE

[ ]    NOTICE OF ENTRY
        that the within is a (certified) true copy of a
        duly entered in the office of the clerk of the within named court on

[ ]    NOTICE OF SETTLEMENT that an order        of which the within is a true copy will be
        presented for settlement to the HON.        one of the judges of the within named Court, at
on        20___